IT IS SO ORDERED.

Dated:  12 July, 2014 06:21 AM



JESSICA E. PRICE SMITH
UNITED STATES BANKRUPTCY JUDGE

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN RE: | IN PROCEEDINGS UNDER CHAPTER 7 |
| CAROL CHRISTINE ZYDONIS, | |
| DEBTOR. | CASE NO. 14-10044 |
| | JUDGE JESSICA E. PRICE SMITH |

### ORDER AND OPINION

The matter before the Court is Debtor's Motion to Avoid Lien Judgment Liens of The Huntington National Bank and City of Parma, Department of Taxation (Doc. No. 7) and Debtor's Supplement to the Motion (Doc. No. 14). The Motion was granted with respect to the avoidance of Huntington National Bank's lien and the matter was taken under advisement with respect to the City of Parma's lien. The Motion is denied with respect to the City of Parma.

The City of Parma filed a lawsuit against Debtor on September 2, 2009 for delinquent municipal income taxes owed in the amount of $4,826.90 and a default judgment was entered

against Debtor on January 29, 2010 for that amount. On March 23, 2010, the City of Parma filed a Certificate for Judgment Lien for the judgment obtained. In her Supplement, Debtor alleges that because the City prosecuted the tax debt owed by Debtor to a judgment, the lien is a judgment lien that is avoidable pursuant to 11 U.S.C. § 522(f).

Section 522(f) of the Bankruptcy Code provides that:

> Notwithstanding any waiver of exemptions but subject to paragraph (3), the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is--
> (A) a judicial lien, other than a judicial lien that secures a debt of a kind that is specified in section 523(a)(5) [11 USCS §523(a)(5)];

11 U.S.C. § 522(f)(1). A judicial lien is defined by the Bankruptcy Code as a "lien obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding." 11 U.S.C. §101(36).

Section 522(f)(1) does not allow Debtor to avoid the City of Parma's lien because Ohio does not provide an exemption for property encumbered by a tax lien. Civil actions to enforce the collection of taxes in Ohio are governed by Section 5719.08 of the Ohio Revised Code. In relevant part, § 5719.08 states:

> If it is found on the trial of the action that the person is indebted to the state, judgment shall be rendered in favor of the treasurer prosecuting the action, as in other cases. The *judgment debtor shall not be entitled to the benefit of the laws for stay of execution or the exemption of property from levy* or sale on execution in the enforcement of the judgment.

O.R.C. § 5719.08 (emphasis added). A lien may be avoided under 11 U.S.C. § 522(f)(1) only "to the extent that such lien impairs an exemption to which the debtor would have been entitled." 11 U.S.C. 522(f)(1). Because O.R.C. § 5719.08 does not give Debtor the benefit of an exemption for property encumbered by a tax lien, § 522(f)(1) is not applicable. This is consistent with 11 U.S.C. § 522(c)(2)(B) which states that property exempted "is not liable during or after

the case for any debt of the debtor that arose . . . before the commencement of the case, except – . . . a tax lien, notice of which is properly filed."

Therefore, Debtor's Motion to Avoid Lien with regard to City of Parma, Department of Taxation is denied.

**IT IS SO ORDERED.**